**In the Interest of C.F.M. and B.C.M., Minor Children.**

No. 05–11–00378–CV.

Court of Appeals of Texas, Dallas.

Jan. 27, 2012.

Rehearing Overruled March 14, 2012.

Michelle May O'Neil, O'Neil & Attorneys, Ashley Bowline Russell, O'Neil At-

torneys Family Law, Dallas, TX, for Appellant.

Diana S. Friedman, Dallas, TX, John Christopher Nickelson, Law Office of Gary L. Nickelson, Fort Worth, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and MYERS.

## OPINION

Opinion By Justice FITZGERALD.

In this interlocutory appeal, appellant S.P.M. ("Husband") challenges the trial court's order appointing a receiver in the divorce action between him and N.S.M. ("Wife"). In three issues, Husband argues (1) the trial court applied the wrong standard in appointing the receiver, (2) his due process rights were violated when the receiver was appointed without notice and hearing, and (3) he was not permitted to offer evidence regarding segregation of his separate property from the receiver's control. For the reasons discussed below, we affirm the trial court's order.

### BACKGROUND

Husband filed for divorce on February 12, 2009, and the trial court entered temporary orders on June 8, 2009. The litigation quickly became, and has remained, contentious. On June 30, 2010, Wife filed her Motion for Appointment of Receiver (the "Motion"), based on allegations of Husband's repeated failures to comply with court orders requiring him to pay spousal support, child support, health insurance premiums, health insurance reimbursement, expert fees, and Wife's attorney's fees. Wife cited testimony establishing, *inter alia*, that Husband was liquidating assets for his own living expenses and placing money in accounts that could not be "frozen" by the court. On July 27, 2010, the trial court

heard the Motion and heard testimony from Husband. On August 2, 2010, the trial court heard further testimony on the Motion and on Wife's two motions for enforcement and for contempt. Witnesses included both Husband, Wife, Husband's sister-in-law, and a number of attorneys. The court found Husband in contempt, sent him to jail, and deferred its ruling on the receivership.

The trial court subsequently heard at least two more motions by Wife seeking enforcement of court orders to comply with court orders. At the August 17, 2010 hearing on one of these motions, the trial court stated that it was ready to rule on the receivership Motion. New counsel for Husband persuaded the court to forbear ruling, but the court stated on the record that "if [Husband] hasn't paid all the other outstanding payments that were ordered from this Court," then it would sign the receivership order at the end of the week. On August 20, at yet another hearing, the trial court inquired as to the status of Husband's outstanding payments and told the parties:

> If everything outstanding that's been ordered has been paid, I won't sign the receivership order at this time, but I am not going to have another hearing on it. If we have that issue again where I order something paid within a time certain and it's not paid, then I will just immediately appoint the receiver. I am not going to keep spending the Court's time and letting the attorney's fees be incurred just to enforce the orders of the Court.

In response to what appears to be Wife's fourth motion for enforcement, the court ordered Husband to pay outstanding fees and a discovery sanction by March 15, 2011. Although the record indicates Husband had become current on his support

payments by the date of the hearing on the motion, he had not paid the remaining amounts due. The trial court signed its order appointing Howard Spector as receiver on March 21, 2011 (the "Order"). Husband appealed the Order. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(1) (West 2008) (providing interlocutory appeal of order appointing receiver).

Soon after Husband filed his notice of appeal, Wife filed a motion for reconsideration of the appointment, identifying a number of facts that had arisen or had been discovered after the court's August hearings. The court heard the motion to reconsider; counsel for both parties gave testimony concerning those matters, and Wife offered evidence of unpaid child support, doctor bills, and school bills. She also offered evidence indicating Husband had been involuntarily committed by his family and that Husband's brother sought to be named guardian of Husband's person and his estate, contending Husband was "unable to care for himself or to manage his financial affairs." Following the hearing, the trial court signed an order concluding that proper grounds existed for appointment of the receiver and that Spector should remain in that position. The court also issued findings of fact and conclusions of law.

### The Trial Court's Findings of Fact

The trial court found that, throughout the pendency of this case, Husband had failed to comply with orders to pay both child and spousal support and interim attorney's fees for Wife. The trial court further found that Husband had failed repeatedly to comply with the court's discovery orders and orders to prepare an accurate sworn inventory and appraisement of assets under his control. The court found that Husband gave false testimony concerning his purported inability to pay support and that Husband was not a credible witness concerning his finances or his ability to pay interim support or attorney's fees. The court specifically stated the bases for its decision to appoint a receiver:

a.  [Husband's] refusal to disclose information to [Wife] showing what assets [Husband] possesses and the information needed to know the value, character, and present location of the assets subject to his sole control;

b.  [Husband's] numerous admissions that he had sold, transferred, or otherwise disposed of the property in his possession;

c.  [Husband's] inability to account for what property he possessed, what property he sold, transferred, or otherwise disposed of, and his inability to explain where he got cash to pay his own living expenses;

d.  [Husband's] mismanagement of the property in his possession by refusing to pay a valid civil judgment and refusing to pay interim support to his wife, children, and to pay interim attorney's fees as ordered by the court;

e.  [Husband's] dishonesty with the court when testifying about his assets and ability to pay interim support and fees; and

f.  The delay and cost occasioned by [Husband's] conduct.

Husband has not challenged any of these findings.

The court found as a matter of fact, and concluded as a matter of law, that appointment of a receiver was necessary and equitable under the circumstances to protect and preserve the parties' property.

## THE TRIAL COURT'S AUTHORITY TO APPOINT A RECEIVER

In his first issue, Husband argues the trial court lacked authority to appoint a receiver in this case. Husband contends the trial court failed to apply the correct legal standard for appointing a receiver; he argues the court imposed the receivership solely to "punish" him for his failure to comply with his payment obligations. Husband further contends the court was not authorized to extend the receivership to include his separate property.[1]

### Receivership Under the Family Code

The family code provides that:

While a suit for dissolution of a marriage is pending and on the motion of a party or on the court's own motion after notice and hearing, the court may render an appropriate order, including the granting of a temporary injunction for the preservation of the property and protection of the parties as deemed necessary and equitable and including an order directed to one or both parties . . .

(5) appointing a receiver for the preservation and protection of the property of the parties.

TEX. FAM.CODE ANN. § 6.502 (West 2006). Thus, the trial court may appoint a receiver if it deems the appointment to be necessary and equitable in order to preserve and protect one or both parties. *Id.* The statute gives the trial court "the broadest form of discretion" when granting section 6.502 orders. *Norem v. Norem,* 105 S.W.3d 213, 216 (Tex.App.-Dallas 2003, no pet.). That discretion has long been held to include "enlist[ing] the aid of a receiver in order to effectuate its orders and judgments." *See Young v. Young,* 765 S.W.2d 440, 444 (Tex.App.-Dallas 1988, no writ) (citing *Elliott v. Elliott,* 422 S.W.2d 757 (Tex.Civ.App.-Fort Worth 1967, writ dism'd w.o.j.)). We will not disturb the trial court's order absent a clear abuse of that discretion. *Norem,* 105 S.W.3d at 216.

### Standard Employed by the Trial Court

The appointment was appropriate if it was necessary and equitable to protect the parties and their property. *See* TEX. FAM.CODE § 6.502. Husband contends the trial court made no inquiry into this standard. We disagree. The court's findings, which are supported by the record, indicate the court was focused on protecting the parties and their property.

As to protecting the parties, it is undisputed that Husband has repeatedly failed to comply with court orders to pay for the support of his children and Wife. It is likewise undisputed that Husband was in sole control of the parties' financial assets and accounts, valued at more than seven million dollars.[2] His support is necessary to protect Wife and the children. Moreover, evidence before the court at reconsideration established that Husband had

---

1. Husband has also contended that the appointment of a receiver is an "extraordinarily harsh remedy" that should be utilized only in the event of a "great emergency." However, Husband's counsel conceded at oral argument that the family code's standard for imposition of a receivership does not require that "less harsh" remedies have been tried. *See Norem v. Norem,* 105 S.W.3d 213, 216 (Tex.App.-Dallas 2003, no pet.) ("unlike receiverships authorized by the Texas Civil Practice and Remedies Code, the family code does not set out a predicate to support a receivership order").

2. As of this appeal, Husband has not provided tracing evidence to establish by clear and convincing evidence that the assets under his control include his separate property. Thus, the assets under his control are presumed to belong to the community. The sole asset alleged to be under Wife's control is an IRA valued at $192,000.

been adjudged incompetent to manage his own affairs. Thus, the receivership protected him as well.

And as to the parties' property, the court specifically found that Husband's failure to comply with court orders unnecessarily delayed the case and ran up the cost of litigation. Husband complains of the "exorbitant" amount of fees he was ordered to pay Wife's attorney, but the record establishes that these fees were caused in significant part by enforcement proceedings necessitated by Husband's refusal to comply with obligations ordered by the trial court. A receiver will see that payments of support and interim fees and costs are made timely, thus avoiding enforcement proceedings and additional attorney's fees.

A receiver can also assure that no inappropriate transfers of the parties' property are made without approval. At the August contempt hearing, for example, testimony from Husband's sister-in-law (by deposition) established that he had deeded land to her, purportedly in return for consulting services, which she testified she had never performed. At a minimum, a receiver will subject any transfers to scrutiny that will protect the parties' property from further dissipation.

Husband asserts that the trial court appointed a receiver to punish him, citing to the fact that the trial court issued its order without holding a hearing on Wife's most recent motion. For the reasons set forth in response to Husband's due process arguments, we reject Husband's contention.

■ The court found Husband had a practice of failing to comply with its orders. The record supports that finding. A trial court may appoint a receiver to assist the court in "effectuating its orders." *See Young*, 765 S.W.2d at 444. Thus, the court was well within its authority to appoint a receiver to assure compliance with payment obligations. Timely compliance will serve to protect the parties and their property. We conclude the trial court employed the proper standard in its decision to appoint a receiver in this case.

### Property Subject to Receivership

■ Husband also contends the trial court was not authorized to place his separate property under the control of the receiver. This objection fails on at least two levels. Initially, the trial court found Husband had not identified, by clear and convincing evidence, any separate property. However, we conclude Texas law would not limit the receiver to community assets even if Husband had successfully identified separate property. Section 6.502 speaks to "the property of the parties." It does not employ the terms "separate property" or "community property," both of which are defined in the family code.[3] Had the legislature intended to limit a receivership to community property, as Husband contends, it would certainly have used its defined term to do so. *See, e.g.*, TEX. FAM.CODE § 3.202(c) ("All community property is subject to tortious liability of either spouse incurred during marriage."); *Id.* § 6.707(a) ("A transfer of real or personal community property or a debt

---

3.  "Separate property" consists of:
    (1) the property owned or claimed by the spouse before marriage;
    (2) the property acquired by the spouse during marriage by gift, devise, or descent; and
    (3) the recovery for personal injuries sustained by the spouse during marriage, ex-

cept any recovery for loss of earning capacity during marriage.
TEX. FAM.CODE ANN. § 3.001. "Community property" consists of all property-other than separate property-that is acquired by either spouse during the marriage. *Id.* § 3.002.

incurred by a spouse while a suit for divorce or annulment is pending that subjects the other spouse or the community property to liability is void with respect to the other spouse if the transfer was made or the debt incurred with the intent to injure the rights of the other spouse."). We will not impose a limitation on the funds available for a receivership when the legislature has not called for that limitation. We conclude the trial court did not err in placing all property of the parties under the control of the receiver.

We discern no abuse of discretion in the trial court's decision to appoint a receiver. We overrule Husband's first issue.

### DUE PROCESS

■ In his second issue, Husband contends he was denied his right to due process in this instance because the trial court failed to give him notice and a hearing on the facts that ultimately formed the basis of the receivership order. We disagree. Wife filed her Motion on June 30, 2010, and Husband concedes the trial court heard the Motion on July 27 and August 2. Both hearings were evidentiary in nature, and both parties put on evidence.[4] The trial court did not deny the Motion following the hearings but deferred its ruling. On August 17, the trial court heard yet another motion by Wife for enforcement of Husband's obligations; the court stated on the record that it was ready to rule on the Motion. New counsel for Husband persuaded the court to forbear ruling, but the court stated on the record that "if [Husband] hasn't paid all the other outstanding payments that were ordered from this Court," then it would sign the receivership order at the end of the week. On August 20, at yet another hearing, the trial court inquired as to the status of Husband's outstanding payments. The court told the parties:

> If everything outstanding that's been ordered has been paid, I won't sign the receivership order at this time, but I am not going to have another hearing on it. If we have that issue again where I order something paid within a time certain and it's not paid, then I will just immediately appoint the receiver. I am not going to keep spending the Court's time and letting the attorney's fees be incurred just to enforce the orders of the Court.

The record indicates the trial court showed restraint and only appointed the receiver after numerous opportunities for Husband to present evidence and to establish that he had turned around what the record indicates was a pattern of failing to comply. The court never denied the Motion, so all evidence offered in the earlier hearings remained before the court at the time of its ruling. We conclude Husband had adequate notice—and opportunity to be heard—to satisfy any due process concerns.

However, even if we were to agree with Husband that the trial court should have held one more hearing on the receivership issue before signing its order, we would have to conclude any error was harmless. Husband has given absolutely no indication of additional evidence he wished to offer at such a hearing. He made no record below of any such evidence. And he has not attempted to argue in this Court that he possessed evidence, not already before the

---

4. The trial court also considered Wife's two motions for enforcement and contempt at the August 2 hearing. On August 4, Husband was found guilty of contempt and sentenced. At that hearing, the court stated it would sign the receivership order if Husband had not paid all amounts due under its contempt findings within two weeks. The August 4 hearing was not an evidentiary hearing.

trial court, that would have impacted its decision on receivership.

We overrule Husband's second issue.

### OPPORTUNITY TO PROVE SEPARATE NATURE OF PROPERTY

In his third issue, Husband complains the trial court refused to allow him to offer evidence regarding the segregation of the community property as opposed to his separate property for purposes of the receiver's duties. We have already concluded that the receiver's duties are not properly limited to disposition of community property. Thus, no segregation of community and separate property was necessary before the appointment of a receiver in this case. We overrule Husband's third issue.

We have decided each of Husband's issues against him. Accordingly, we affirm the trial court's order.