

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00030-CV

KATHLEEN J. DICKERSON                                      APPELLANT

V.

LARRY E. DICKERSON                                          APPELLEE

----------

### FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 360-479099-10

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a divorce that was initiated in 2010. In two issues, Appellant Kathleen J. Dickerson (Wife) complains that the trial court erred by denying her a jury trial, amending the divorce decree outside its plenary power, and failing to follow the mediated settlement agreement (MSA) that she entered into with Appellee Larry E. Dickerson (Husband). Husband did not file a brief.

---

[1]*See* Tex. R. App. P. 47.4.

Because we hold that Wife expressly waived a jury trial, that her motion for new trial extended the trial court's plenary power beyond the date the trial judge signed the amended decree, and that she is judicially estopped from now contending that the MSA should be enforced, we affirm the trial court's judgment.

Wife expressly waived a jury trial on the record at a hearing in this cause. Soon thereafter, the trial court signed an order stating that both parties waived the right to a jury trial. Nevertheless, Wife later requested a jury trial on multiple occasions, and the trial court denied her requests.

During the lengthy proceedings below, a special master was appointed. The trial court subsequently broadened the powers of the special master and changed his title to receiver (Receiver). The trial court gave Receiver control over an airplane hangar, the ownership of which was disputed by Wife and Husband. Husband filed a motion requesting that Receiver sell the hangar property, and the trial court granted the motion and ordered that the property be sold.

On December 8, 2012, Husband and Wife entered into an MSA that extinguished temporary orders but also specifically excluded the topic of attorney's fees and claims of intervenors, who were several attorneys who had represented Wife in succession and who had intervened in the lawsuit to obtain their claimed fees. On December 12 and December 13, the trial court conducted a bench trial regarding attorney's fees and intervenors' claims for attorney's fees.

On January 10, 2013, the trial court signed a final decree of divorce incorporating terms that Husband and Wife had agreed to in mediation. The decree awarded Wife the hangar property and an airplane from the community estate, and it ordered each party to pay his or her own attorney's fees except for $3,660 awarded to Husband's trial counsel from Wife. The decree did not expressly terminate or continue the duties of Receiver. On January 18, 2013, the trial court signed a judgment in favor of one of Wife's former attorney's and against Wife.

Wife filed a motion for new trial on January 23, 2013, challenging, among other things, the MSA, and on that day and on days to follow, the trial court signed more individual judgments against Wife and in favor of her former attorneys for attorney's fees.

While the trial court's period of plenary power as extended by the filing of Wife's motion for new trial remained open, Receiver filed a motion to reconfirm the court's previous order that he sell the airplane and hangar. The trial court granted the motion. On April 18, 2013, the trial court signed an amended decree of divorce. This amended decree ordered that Receiver would continue in that role until further order of the court and would continue to have full authority over the property previously ordered into his care.

In her first issue, Wife contends that the trial court erred by denying her a jury trial. On November 29, 2011, in a hearing on Husband's motion to release funds, new counsel appeared on Wife's behalf. Wife waived a jury trial on the

record after the trial judge indicated that he would likely deny a motion for continuance of a jury trial setting but would grant a motion for continuance of a bench trial setting, explaining that a one-day bench trial would be easier to reset sooner than a four-day jury trial. The trial judge signed an order commemorating this waiver on December 14, 2011. Wife's newer trial counsel, not the "new" trial counsel who appeared only at the November 29, 2011 hearing, did not sign the order. Wife relies on *GMC v. Gayle* to neutralize her express waiver, but that case does not address express waivers of jury trial.[2] Because Wife expressly waived a jury trial on the record, we overrule her first issue.[3]

In her second issue, Wife initially contends that the trial court erred by amending the divorce decree after the trial court's plenary power expired. The trial court signed the original decree on January 10, 2013. Wife filed a timely motion for new trial on January 23, 2013.[4] That motion for new trial was overruled by operation of law on March 26, 2013, seventy-five days after the signing of the original decree.[5] The trial court's plenary power extended thirty days thereafter, or until April 25, 2013.[6] Consequently, the trial court amended

---

[2]951 S.W.2d 469 (Tex. 1997) (orig. proceeding).

[3]*See Norton v. Deer Creek Prop. Owners Ass'n*, No. 03-09-00422-CV, 2010 WL 2867375, at *6 (Tex. App.—Austin July 22, 2010, no pet.) (mem. op.).

[4]*See* Tex. R. Civ. P. 329b(a).

[5]*See* Tex. R. Civ. P. 329b(c).

[6]*See* Tex. R. Civ. P. 329b(e).

4

the final judgment well within its plenary power. We overrule this part of Wife's second issue.

In the remainder of her second issue, Wife contends that the trial court failed to give effect to the MSA. But Wife filed a motion for new trial contending that the MSA is not enforceable. She is therefore estopped from contending that the MSA should be enforced.[7]

Nevertheless, we point out that the MSA expressly excluded Wife's attorney's fees and the claims of the intervenors, all former attorneys of hers in this matter. In fact, the appendix to the MSA specifically provides,

**Attorney's Fees in This Case**

12.1  Attorney's fees, including intervenors' claims, are subject to a trial scheduled December 12, 2012.

Further, the record before us contains another indication that the trial court severed the attorney's fee/intervenors' issues from the MSA. Husband's trial counsel stated on December 12, 2014, the date of the trial on attorney's fees,

> The mediated settlement agreement is also on file with the court. We did not send that to the intervenors, because at the last setting, you severed.
>
> . . . .
>
> The only thing that is outstanding in our—in our mind is attorney's fees. And we did reserve that in the mediated settlement agreement, and said that it was available to be decided today at final

---

[7]*See Brooks v. Brooks*, 257 S.W.3d 418, 423 (Tex. App.—Fort Worth 2008, pet. denied).

5

trial. And that was just any award of attorney's fees and also the intervenors' claims.

Finally, even if Wife were not estopped from now contending that the trial court should have enforced the MSA, we are not prepared to hold that the trial court abused its discretion by continuing the appointment of or reappointing Receiver to enforce the trial court's post-MSA judgments against Wife and in favor of the intervenors. Receiver filed a motion on March 7, 2013, while Wife's motion for new trial challenging the MSA and original decree was pending, to reconfirm his authority to sell the property originally ordered to be sold on October 30, 2012. The trial court granted the motion on March 28, 2013. The trial court had statutory authority to appoint Receiver during the pendency of proceedings[8] and inherent authority to appoint Receiver to enforce its judgments, including those for the intervenors and against Wife.[9] We overrule Wife's second issue.

**Conclusion**

Having overruled Wife's two issues, we affirm the trial court's judgment.

---

[8]*See* Tex. Fam. Code Ann. § 6.502 (West 2006); *In re C.F.M.*, 360 S.W.3d 654, 658 (Tex. App.—Dallas 2012, no pet.).

[9]*See Young v. Young*, 765 S.W.2d 440, 444 (Tex. App—Dallas 1988, no writ); *Elliott v. Elliott*, 422 S.W.2d 757, 758 (Tex. Civ. App.—Fort Worth 1967, writ dism'd); *see also Wells Fargo Home Mortgage, Inc. v. Alford*, No. 02-08-00355-CV, 2010 WL 144397, at *1 (Tex. App.—Fort Worth Jan. 14, 2010, no pet.) (mem. op.).

6

PER CURIAM

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DELIVERED:  November 26, 2014