**DENY; and Opinion Filed November 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01345-CV

## IN RE JOHN JEFFREY MCCAFFERTY, Relator

**Original Proceeding from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 08-05932-R**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Schenck
Opinion by Justice Francis

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its October 15, 2015 Order on Motion for Appointment of Receiver. Relator argues that the trial court lacked authority to order the appointment of a receiver because the trial court's order appointing the receiver was based on a prior order, the December 18, 2013 Interim Order on Petition for Enforcement, that altered the property division in this divorce proceeding. We do not address relator's argument that the Interim Order on Petition for Enforcement was in excess of the trial court's authority. The trial court had broad discretion to effectuate the property division of the divorce decree by appointing a receiver. *In re C.F.M.*, 360 S.W.3d 654, 658 (Tex. App.—Dallas 2012, no pet.); *Young v. Young*, 765 S.W.2d 440, 444 (Tex. App.—Dallas 1988, no writ). For that reason, the Interim Order on Petition for Enforcement is immaterial to the trial court's ability to appoint a receiver to enforce the property division required by the divorce decree.

We also do not reach relator's contention that the evidence before the trial court was insufficient to permit the appointment of a receiver. An order appointing a receiver is an order subject to interlocutory appeal.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (West 2015); TEX. FAM. CODE ANN. § 6.507 (West 2006); *see also Smith v. Myers*, No. 01-13-00722-CV, 2014 WL 3002086, at *2 (Tex. App.—Houston [1st Dist.] July 1, 2014, pet denied); *Tugman v. Tugman*, No. 13-08-194-CV, 2008 WL 2151451, at *4 (Tex. App.—Corpus Christi May 22, 2008, no pet.). A writ of mandamus is not a substitute for an appeal. *In re Bernson,* 254 S.W.3d 594, 596 (Tex. App.—Amarillo 2008, orig. proceeding). Mandamus is an appropriate remedy only where appeal does not provide an adequate means for asserting the relator's claims. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A party with an available appeal who fails to pursue that remedy ordinarily is not entitled to seek relief by mandamus. *See Pat Walker & Co., Inc. v. Johnson*, 623 S.W.2d 306, 309 n.1 (Tex. 1981) (orig. proceeding); *In re Pannell*, 283 S.W.3d 31, 35 (Tex. App.—Fort Worth 2009, orig. proceeding). Relator has not demonstrated that his available interlocutory appeal would not afford an adequate remedy. *See In re Tex. Dept. of Family & Protective Servs.*, 210 S.W.3d 609, 614 (Tex. 2006) (orig. proceeding); *In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 223 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding).

We deny the petition for writ of mandamus.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

151345F.P05

---

[1] An appeal of an order appointing a receiver is an accelerated appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (West 2015). Thus, notice of appeal is due within 20 days of the date the trial court signs the order. TEX. R. APP. P. 26.1(b). The deadline for perfecting an interlocutory appeal of the Order on Motion for Receiver expired November 4, 2015, the day relator filed this petition for writ of mandamus. The deadline for filing a timely motion for extension of time to perfect appeal has not yet expired, however. *See* TEX. R. APP. P. 26.3.