

# NUMBER 13-15-00556-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN MANUEL ORTIZ,                                                      Appellant,

v.

SARAY ORTIZ,                                                            Appellee.

## On appeal from the County Court at Law No. 1
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Garza**

Appellant Juan Manuel Ortiz ("Juan") challenges the trial court's order appointing

a receiver in a divorce case. We affirm.

## I. BACKGROUND

On September 10, 2015, appellee Saray Ortiz ("Saray") filed an emergency motion

for appointment of a receiver in the underlying case, arguing that the parties own several

businesses and that the appointment of a receiver was necessary to ensure that Juan "is prevented from further depleting the businesses' assets." The motion alleged that Juan "has continued to spend company monies to support his extravagant lifestyle" and further requested a temporary injunction preventing Juan from managing the businesses.

After three hearings, the trial court rendered an order entitled "Supplemental Interim Orders" on November 17, 2015,[1] ordering the parties: (1) "to refrain from making any expenditures or incurring any debts that are not for reasonable and necessary living expenses"; (2) "not to make any draws from any businesses owned by the parties"; and (3) "to only engage in acts reasonable and necessary to conduct usual business and occupation." The order also set a hearing for November 18, 2015, "for the continuation of the hearing" on Saray's motion to appoint a receiver.

Following the November 18 hearing, the trial court rendered an order entitled "Second Supplemental Interim Orders" on November 20, 2015.[2] The order stated in part that Juan must reimburse Saray for (1) half of $60,863.22 in personal purchases that Juan made on a company credit card between February 2015 and July 2015, and (2) half of $72,625.50 in member draws that Juan made from one of the parties' businesses between January 2015 and June 2015. The order stated that Juan must pay the total amount—$66,744.36—to Saray on or before Friday, November 20, 2015, at 5:00 p.m. The order further provided that,

> [i]f the parties fail to reach a settlement agreement in the above referenced case by December 21, 2015 at 5:00 IT IS ORDERED Attorney Preston

---

[1] This order, as it appears in the record, states that it was signed on November 18, 2015. However, the electronic clerk's file stamp indicates that the signed order was filed with the clerk on November 17, 2015.

[2] The order, as it appears in the record, states that it was signed on November 23, 2015. However, the electronic clerk's file stamp indicates that the signed order was filed with the clerk on November 20, 2015.

> Henrichson . . . is immediately appointed Receiver of any and all assets and businesses owned by the parties, specifically, Zitro Electric L.L.C., Zitro Investments L.L.C., JCon Construction L.L.C., and JCon Investments L.L.C.[3]

The November 20 order also provided that Saray's attorney was "to be paid $5,000 for attorneys fees from the monies held in his trust for his services connected" to Saray's motion to appoint a receiver.

Saray filed a motion for contempt on November 24, 2015, alleging that Juan had not made the payment required in the order. Following another hearing, the trial court granted the motion for contempt and rendered an order entitled "Third Supplemental Interim Orders" on December 21, 2015. This order found Juan in contempt of court for failing to comply with the earlier order and ordered Juan to immediately pay $66,744.36 to Saray. This order additionally appointed the receiver as anticipated in the earlier order and stated that, should Juan not pay the ordered amount to Saray, the receiver is ordered to issue a check in the amount of $66,744.36 to Saray.[4] This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (West, Westlaw through 2015 R.S.) (stating that a person may appeal an interlocutory order appointing a receiver or trustee).[5]

---

[3] Juan filed two petitions for writ of mandamus challenging this order, both of which we denied. *See In re Ortiz*, No. 13-15-00602-CV, 2016 WL 747744, at *1 (Tex. App.—Corpus Christi Feb. 22, 2016, orig. proceeding) (mem. op. per curiam); *In re Ortiz*, No. 13-16-00160-CV, 2016 WL 1165831, at *1 (Tex. App.—Corpus Christi Mar. 23, 2016, orig. proceeding) (mem. op. per curiam).

[4] The order additionally stated that Juan must "fully cooperate" and "not interfere" with the receiver in the performance of his duties.

[5] On August 11, 2016, Juan filed a motion with this Court to stay all trial court proceedings pending our disposition of the appeal. We deny the motion as moot.

## II. DISCUSSION

### A. Applicable Law

The Texas Family Code authorizes a trial court in a divorce proceeding to render an order "appointing a receiver for the preservation and protection of the property of the parties . . . ." TEX. FAM. CODE ANN. § 6.502(a)(5) (West, Westlaw through 2015 R.S.). Receivership is an "extraordinarily harsh remedy and one that courts are particularly loathe to utilize." *Rusk v. Rusk*, 5 S.W.3d 299, 306 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). "However, a trial court has broad powers to enlist the aid of a receiver in order to effectuate its orders and judgments." *Vannerson v. Vannerson*, 857 S.W.2d 659, 673 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *see In re C.F.M.*, 360 S.W.3d 654, 658 (Tex. App.—Dallas 2012, no pet.) ("The statute gives the trial court the broadest form of discretion when granting section 6.502 orders."); *see also Tugman v. Tugman*, No. 13-08-00194-CV, 2008 WL 2151451, at *4 (Tex. App.—Corpus Christi May 22, 2008, no pet.) (mem. op.). An appointment of a receiver under the family code requires evidence that the receivership is for the protection and preservation of the marital estate. *Norem v. Norem*, 105 S.W.3d 213, 216 (Tex. App.—Dallas 2003, no pet.).

### B. Standard of Review

We review an appointment of a receiver for an abuse of discretion. *Sheikh v. Sheikh*, 248 S.W.3d 381, 386 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Moyer v. Moyer*, 183 S.W.3d 48, 51 (Tex. App.—Austin 2005, no pet.); *Vannerson*, 857 S.W.2d at 673. The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). In other words, we must determine whether the act was arbitrary or

unreasonable. *Id.* at 242. The mere fact that a trial court may decide a matter within its discretionary authority in a manner different from that of an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

Under this standard, legal and factual insufficiency of the evidence are not independent reversible grounds, but are relevant in assessing whether the trial court abused its discretion. *In re L.R.P.*, 98 S.W.3d 312, 313 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd); *Farish v. Farish*, 921 S.W.2d 538, 542 (Tex. App.—Beaumont 1996, no writ). In making its determination, the reviewing court must view the evidence in the light most favorable to the actions of the trial court and indulge every legal presumption in favor of the judgment. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex. App.—Houston [1st Dist.] 1997, pet. denied); *In re S.B.C.*, 952 S.W.2d 15, 17–18 (Tex. App.—San Antonio 1997, no writ). If there is some evidence of a substantive and probative character to support the judgment, the trial court did not abuse its discretion. *Nordstrom*, 965 S.W.2d at 578; *In re S.B.C.*, 952 S.W.2d at 18.

## C. Analysis

By one multifarious issue, Juan argues that the trial court abused its discretion in appointing a receiver. He principally contends that there was no evidence as to whether the appointment of a receiver was necessary for the preservation and protection of the parties' property, nor was there any evidence as to whether less harsh remedies were available.

We disagree. Saray testified that business credit card statements showed that substantial charges were being made for personal expenses including payments to a pharmacy, nail and hair salons, and clothing stores. One expenditure of over $10,000

5

was made to a doctor specializing in fertility treatment—and Saray testified that neither she nor Juan were trying to get pregnant. Saray further testified that Juan "makes payments to his personal credit card through" one of the community-owned businesses. Additionally, per the trial court's request, Saray filed a chart detailing the personal expenses allegedly made by Juan from the parties' businesses. According to the chart, from February to August 2015, Juan had: (1) made over $26,000 in personal purchases with a business credit card; (2) made over $14,000 in payments to his personal credit card with corporate funds; and (3) withdrew over $72,000 from one of the businesses. This evidence was sufficient to support a finding that the appointment of a receiver was necessary for the preservation and protection of the parties' property. *See* TEX. FAM. CODE ANN. § 6.502(a)(5); *Norem*, 105 S.W.3d at 216.

Moreover, the record reflects that trial court considered less harsh remedies before resorting to receivership. In particular, the trial court first ordered the parties not to use business funds for personal expenses, and it later ordered Juan to reimburse Saray for personal expenses that he paid with business funds. Juan did not comply with the orders; accordingly, the harsh remedy of receivership was justified in this case. *See In re C.F.M.*, 360 S.W.3d at 659 (noting that "[a] trial court may appoint a receiver to assist the court in effectuating its orders" and that receivership was proper where record supported trial court's finding that "Husband had a practice of failing to comply with its orders").

Juan further argues that the trial court erred because two of the parties' businesses were partly owned by a third party, and the court made no finding that the corporations were an alter ego of one of the parties. *See Couch Mortg. Co. v. Hughes*, 536 S.W.2d 70, 72 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ) (finding, where corporation

6

intervened in the proceeding and objected to the appointment of a receiver, that the trial court did not have authority "to appoint a corporate receiver over all property in the possession or under the control of the corporation absent a showing that the corporation was the alter ego of one of the parties"). Assuming but not deciding that a showing of alter ego was necessary in this case, we conclude that such a finding was supported by the record. In particular, Saray's testimony showed that Juan was diverting company funds for his personal use. This testimony supports an alter ego finding. *See Booth v. Kontomitras*, 485 S.W.3d 461, 483 (Tex. App.—Beaumont 2016, no pet.) (noting that, in determining whether an alter ego relationship exists, a court may consider evidence of, among other things, "the diversion of company profits to the individual for his personal use" and "failure to keep corporate and personal assets separate").

Finally, Juan contends it was "arbitrary" for the court to have "order[ed] no receiver" in its November 17 order but then to have appointed a receiver in its November 20 order. However, the record reflects that the first order was intended to address Saray's request for injunctive relief, and it set a hearing date for the court to continue to consider Saray's request for appointment of a receiver. The second order then addressed this latter request. The trial court did not abuse its discretion on these grounds.[6]

---

[6] Juan also contends by his first issue that there was no evidence or pleadings to support the trial court's order compelling Juan to pay reimbursement of $66,744.36 and attorney's fees in the amount of $5,000. Saray notes that the record requested by Juan and provided to this court is incomplete in that it does not contain transcripts of prior hearings at which this issue was considered. We do not consider Juan's argument because our jurisdiction in this interlocutory appeal extends only to the trial court's appointment of a receiver. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (West, Westlaw through 2015 R.S.).

Because there was evidence of a substantive and probative character to support the appointment of a receiver, the trial court did not abuse its discretion. *See Nordstrom*, 965 S.W.2d at 578; *In re S.B.C.*, 952 S.W.2d at 18. We overrule Juan's issue on appeal.

### III. CONCLUSION

The trial court's judgment is affirmed. All pending motions are denied as moot.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
20th day of October, 2016.